J-S46027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY H. PAGE | : | |
| | : | |
| Appellant | : | No. 4052 EDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0021037-1986

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                        **FILED OCTOBER 05, 2018**

Anthony H. Page ("Appellant") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, as untimely.  We affirm.

A prior panel of this Court set forth the following relevant facts:

> Shortly before midnight on Feburary 11, 1986, the victim, Earnest Clements, picked up [Appellant], who he had never met before, and drove him home.  Upon arriving at [Appellant's] house, Clements waited in the car while [Appellant] sought Michael Bullock, a male prostitute.  Appellant told Bullock he had a "trick" for him so Bullock accompanied [Appellant] and Clements to Clements' apartment.  Clements told Bullock he had no money to pay him, whereupon Bullock wanted to leave but [Appellant] assured him Clements had money.  While Bullock and Clements were in the bedroom, [Appellant] searched through Clements' closets in the living room area.  Bullock, coming out of the bedroom to summon [Appellant] to join them, saw [Appellant] searching through the living room.  Appellant entered the bedroom and Bullock watched [Appellant] search Clements' pants which were lying on the bed while Clements performed oral sex on [Appellant].  Soon thereafter, [Appellant] left the bedroom and

returned with scissors and stabbed Clements who then reached under the bed, grabbed a butcher knife and slashed [Appellant] in the arm. Bullock and [Appellant] left the room although [Appellant] tried to get back in to "finish the job" but could not since Clements was holding the door shut. Before fleeing the apartment, [Appellant] grabbed Clements' briefcase and car keys. They found Clements' car and [Appellant] drove part way home until he had to stop and let Bullock drive since [Appellant] was feeling faint from loss of blood. Appellant's father took him to the hospital where he was treated.

*Commonwealth v. Page*, 381 A.2d 624, 3146 PHL 87 (Pa. Super. filed July 29, 1988) (unpublished memorandum at 1–2). Clements died as a result of his injuries.

Following a jury trial, Appellant was convicted of second degree (felony) murder, robbery, conspiracy to commit robbery, and unauthorized use of an automobile.[1] On August 26, 1987, Appellant was sentenced to life imprisonment on the murder conviction and concurrent lesser terms for the other convictions. Appellant has filed numerous PCRA petitions in the interim; the instant petition is the fifth PCRA petition filed by Appellant. In this PCRA petition, filed on October 18, 2017, Appellant alleges, *inter alia*, that he is innocent of the crimes of which he was convicted, he takes issue with allegedly contradictory jury instructions, and he asserts a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). PCRA Petition, 10/18/17, at 2–4. The PCRA court dismissed Appellant's petition because it was untimely and the court lacked jurisdiction to reach the merits of the petition. PCRA Court Opinion,

_____

[1] 18 Pa.C.S. §§ 2502, 3701, 903, 3928, respectively.

1/8/18, at 1. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

Whether the trial court was wrong in its assessment that it lacked jurisdiction to consider Appellant's claim, and that Appellant failed to provide support for his claim?

Appellant's Brief at 2.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, however, we must address whether this appeal is properly before us.

It is well settled that the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa. Super. 2007). Where a petitioner fails to satisfy the timeliness requirements of the PCRA, the PCRA court and this Court have no jurisdiction to review the petition by fashioning an equitable exception to timeliness. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1163 (2003). The PCRA requires that any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002); 42 Pa.C.S.A. § 9545(b)(1).

*Commonwealth v. Turner*, 73 A.3d 1283, 1285 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1).[2] A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our Supreme Court denied Appellant's petition for allowance of appeal on April 14, 1989. **Commonwealth v. Page**, 559 A.2d 36 (Pa. 1989) (table). In order to be timely filed, Appellant had to file his PCRA petition by June 13, 1990. Appellant filed the instant petition October 18, 2017, nearly thirty years after his judgment of sentence became final. Thus, his PCRA petition is patently untimely.

> The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 222 (1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." **Id.**
>
> Instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. **Id.** There are three exceptions:

---

[2] Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056–1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*). The instant PCRA petition is the fifth petition filed by Appellant; therefore, the special grace *proviso* does not apply.

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (2000).

*Commonwealth v. Rizvi*, 166 A.3d 344, 347–348 (Pa. Super. 2017). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

In his brief, Appellant alleges that his petition falls within the governmental-interference exception because the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83. Appellant's Brief at 6. He makes the convoluted argument that one of the witnesses for the Commonwealth lied when he claimed that Appellant, who was bleeding profusely, carried the victim's briefcase out of the victim's apartment.

Appellant's Brief at 7. He avers that the governmental interference occurred when the Commonwealth had the victim's briefcase and other items tested and failed to inform him of the results, which revealed that Appellant's blood or DNA was not found on the items tested. *Id*. Appellant also avers, however, that he first learned about the forensic testing/alleged governmental interference during the Commonwealth's closing arguments, which occurred on October 14, 1986. *Id*. at 8. Indeed, during closing arguments, the attorney for the Commonwealth stated as follows:

> Now Michael Bullock, a pretty tough decision on my part whether to put him on the stand or not. But he did testify, he testified as to his recollection of the events and I didn't believe everything he said and I'm sure you didn't believe everything he said either. There are things that he said that were clearly not true.
>
> For example, he said that [Appellant] carried the briefcase out of the room – or out of the apartment. [Appellant's attorney] is going to say that I'm doing something that he forgot, and I may be. **Well, no blood on this briefcase. [Appellant] didn't carry this out, Michael Bullock did.**

Notes of Testimony (Trial), 10/14/86, at 114–115 (emphasis added). Moreoverwhat, in his response to the PCRA court's Notice Pursuant to Pa.Crim.P. 907 of Intention to Dismiss, Appellant admitted that he learned of the alleged interference during the Commonwealth's closing argument, over thirty years ago. *See* Appellant's Response to 907 Notice, 11/16/17, at 2 ("Petitioner alleges in his attached affidavit that he learned during summation that Commonwealth (sic) failed to disclose its testing of certain pieces of evidence. The summation occurred on 10/14/86.").

It is well established that "the exceptions to the PCRA's one-year time limit require the petitioner to file his PCRA petition within sixty days the claim could have first been brought." ***Carr***, 768 A.2d at 1167. In the instant case, although Appellant was aware of the alleged governmental interference since 1986, he waited nearly thirty years after he learned of it to present it in a PCRA petition. Appellant has failed to show that he raised the interference issue within sixty days from the date it could have first been presented. Thus, the PCRA court lacked jurisdiction to adjudicate the merits of Appellant's petition.

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/18